## Wampler v. F. C. Haab Co., Inc.

*John B. H. Donaldson,* for plaintiff.

*Albert Blumberg,* for defendants.

*Edward H. Bryant, Jr.,* for additional defendants.

DIGGINS, J., December 4, 1959.—This case comes before the court on preliminary objections in the nature of a demurrer filed by the four additional defendants to the complaint filed by the original defendants seeking to join the additional defendants. The rights of plaintiff against defendants are in no wise involved in this adjudication.

The additional defendants originally owned a tract of land fronting on West Chester Pike in Upper Darby. Conveyances out of this tract were made by the additional defendants. The first conveyance, in point of time, was to plaintiff and her husband, now deceased. The remainder of the tract, which naturally was contiguous, was then owned by the additional defendants. From 1951 until 1956, plaintiff and her husband maintained a petroleum products business on the tract conveyed to them and in conjunction with that business, they erected on the adjoining property of the additional

defendants two 15,000-gallon underground oil storage tanks and certain devices and equipment in connection with the same.

By deed dated April 22, 1958, the additional defendants sold the remainder of the tract to one of the defendants, H. C. Haab Co., Inc. That deed made no specific reference to any oil tanks or equipment. It did, however, contain a special warranty in the usual form.

Plaintiff filed her bill in equity seeking to enjoin the original defendants from further use of the equipment located on the property of defendant, F. C. Haab Co., Inc., and praying for the court to order defendants to pay a reasonable rental therefor. Defendants, after filing an answer to the complaint, sought to join the additional defendants on the ground that by reason of the special warranty contained in its deed, the additional defendants were alone liable to plaintiff, but if any liability should be proven against defendants, the additional defendants were liable over to defendants for all or part of such liability.

The additional defendants filed preliminary objections raising numerous important questions of law relating to the effect of the special warranty clause in a deed and the additional reason that under the procedural rules, it is improper to join the additional defendants, whose liability sounds in assumpsit, in a case where plaintiff's action sounds in tort.

We feel that the latter question must be decided in favor of the additional defendants and in view of that result, it becomes immaterial and unnecessary to discuss the other questions raised.

Under the old equity rules, rule 18 provides:

"Where plaintiff has a claim against several persons, either as principals or sureties, whom he may sue separately or together, he may in equity proceed against such of them only as he would be required to

join if suing at law, but those named may, by their answers, make the omitted parties additional defendants, or the latter may voluntarily appear, in either of which events the suit shall proceed with the same effect as if such parties were originally joined as defendants."

However, on January 4, 1952, effective July 1, 1952, the Supreme Court adopted the rules governing the action in equity, Pa. R. C. P. 1501 providing that except as otherwise provided in this chapter, the proceeding in equity shall be in accordance with the rules relating to the action in assumpsit. One of these rules was Pa. R. C. P. 2252(a), which was specifically amended to include equity cases, which reads as follows:

"In any action the defendant or any additional defendant may file as of course, a praecipe for a writ or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

It was pointed out in 10 Anderson's Pennsylvania Civil Practice 124, that:

"Rule 2252(a) is, for the most part, an extension of the former equity practice. In other respects, it may narrow that practice. Under the former equity Rule 18 the joinder was authorized of an additional defendant whose liability, if any to the defendant, would be based upon an express contract of indemnity. The joinder of such an indemnitor is prohibited under Rule 2252(a) and would therefore not now be allowed in actions in equity.

"In this connection it must be noted that even under Rule 2252(a) the joinder of an express indemnitor is permitted where the facts are such that a duty to indemnify would arise independently of the express contract. In such case, however, the only liability

which can be asserted is the one which does not arise from the express contract."

It follows that since defendants are asserting only a liability under the special warranty, which is an express contract, and are asserting no liability which would arise independently thereof, it is improper to join the additional defendants in this case and therefore defendants' contention that equity's jurisdiction is all-inclusive in order to prevent multiplicity of suits has no application in view of the express provisions of the rules.

Therefore, we enter the following

*Order*

And now, to wit, December 4, 1959, it is ordered, adjudged and decreed that the preliminary objections filed by the additional defendants to the complaint of the original defendants in the above-entitled case be and the same are hereby sustained. The complaint against the additional defendants is hereby dismissed.

An exception is allowed to defendants.